## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISON

MARCUS SMITH, ALVIN HODGE
And DAVID KORTRIGHT, on behalf
of themselves and on behalf of all
others similarly situated,

      Plaintiffs,

v.                                                                 Case No. : 8:19-cv-02068-CEH-CPT

KFORCE INC., a Florida profit corporation,

      Defendant.

_____/

## SECOND AMENDED CLASS ACTION
## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MARCUS SMITH, ALVIN HODGE and DAVID KORTRIGHTon behalf of themselves, the putative classes set forth below, and in the public interest, bring the following Second Amended Class Action Complaint against Defendant, KFORCE INC., including, subsidiaries, divisions and affiliates (hereinafter, "Defendant"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.      Plaintiffs are consumers/applicants who were the subject of consumer reports used for employment purposes by Defendant, KFORCE INC.

2.      Defendant routinely obtains and uses information in consumer reports to conduct background checks on applicants and employees.

3.      The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a consumer report for an employment purpose.  Such use becomes lawful if and only if the "user" – in this case Defendant – has complied with the FCRA's strict notice requirements.  *See* 15

U.S.C. §§ 1681b(b)(2), (3).

4.      Defendant willfully violated these requirements in multiple ways, in systematic

violation of Plaintiffs' rights and the rights of other putative class members.

5.      Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports

on Plaintiffs and other putative class members for employment purposes, without first making

proper disclosures in the format required by the statute.   Under this subsection of the FCRA,

Defendant was required to disclose to its applicants and employees - *in a document that consists*

*solely of the disclosure* – that they may obtain their consumer reports for employment purposes,

before obtaining the reports.   *Id.*   Defendant willfully violated this requirement by failing to

provide the Plaintiffs with a document consisting solely of the disclosure that it may obtain a

consumer report on them for employment purposes, before obtaining their consumer reports.

6.      Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer

reports on Plaintiffs and other putative class members without lawful authorization.

7.      In Counts I and II, Plaintiffs assert a FCRA claim under 15 U.S.C. §§

1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **ALL KFORCE INC. employees and job applicants in the United States who were subject of a consumer report for employment purposes to whom KFORCE INC. failed to provide a lawful disclosure before procuring the report as required by 15 U.S.C. § 1681b(b)(2)(A) within five years of the filing of this complaint through the date of the final judgment in this action.**

8.      On behalf of themselves and the putative classes, Plaintiffs seek statutory

damages, costs and attorneys' fees, and other appropriate relief under the FCRA.

## PARTIES

9.      Plaintiffs Marcus Smith, Alvin Hodge and David Kortright applied for

employment with Defendant.  Plaintiffs Smith, Hodge and Kortright are members of the putative Background Check Class.  Defendant is a nationwide publicly traded staffing company, and user of consumer reports as contemplated by the FCRA, at 15 U.S.C. § 1681b.

## JURISDICTION AND VENUE

10.     This is an action for statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

11.     The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p.

12.     Venue is proper in the United States District Court, Middle District of Florida, Tampa Division because the circumstances giving rise to the allegations in this Complaint occurred in the Middle District of Florida and Defendant is headquartered in Tampa, Florida.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

13.     Defendant conducts background checks on many of its job applicants as part of a standard screening process.  Additionally, Defendant also conducts background checks on existing employees from time-to-time during the course of their employment.

14.     Defendant does not perform these background checks in-house.  Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant.  These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

15.     Defendant procured consumer reports on Plaintiffs in violation of the FCRA.

16.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)      a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii)     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (*emphasis added*).

17.     Defendant failed to satisfy these disclosure and authorization requirements.

18.     Defendant did not have a stand-alone FCRA disclosure or form.  The FCRA requires that a disclosure not contain extraneous information.  This is commonly referred to as the "stand alone disclosure" requirement.

19.     The purpose of FCRA notice provisions, including § 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared.  This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.[1]

20.     Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

21.     Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC").

22.     Defendant knowingly and recklessly disregarded case law and regulatory

---

[1] The "notice" concept is woven into the fabric of the FCRA, as notice requirements are present in 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action); § 1681b(4)(B) (notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681(g) (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and §1681(m)(a) (notice of adverse action).

4

guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer reports on consumers without complying with the disclosure and authorization requirements. Defendant's violations were willful because Defendant knew it was required to provide a stand-alone disclosure prior to obtaining and using consumer reports on the putative class members.

23.     Defendant's conduct is also willful because:

a.      Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

b.      Defendant knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

c.      Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

d.      Any reasonable employer of Defendant's size and sophistication knows or should know about FCRA compliance requirements.

24.     Defendant acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other putative class members.

**ALLEGATIONS SPECIFIC TO PLAINTIFFS**

25.     Plaintiffs applied for employment with Defendant.

26.     As part of the hiring process, Plaintiffs were provided a background check disclosure form. The evidence will show Plaintiffs were provided disclosures identical or substantially similar to the "Kforce Background Check Disclosure" attached hereto as Exhibit "A."

5

27.     The Kforce Background Check Disclosure is not a stand-alone disclosure.   The disclosure is over 4 pages long; combines the disclosure for consumer reports with the disclosure for investigative consumer reports; contains confusing legal conditions; requires consumers to agree to release their private, sensitive information to an undefined universe of recipients; and is replete with inapplicable state law information.

28.     Defendant procured a consumer report on Plaintiffs.   The consumer report contained personal, private, and sensitive information about Plaintiffs.

29.     It was unlawful for Defendant to procure a consumer report on Plaintiffs without making the disclosures required by the FCRA.   Defendant violated 15 U.S.C. § 1681(b)(b)(2)(A)(i) by procuring consumer reports on Plaintiffs and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

30.     Plaintiffs were distracted from the disclosure by the presence of additional information in the purported FCRA disclosure.   Specifically, Defendant unlawfully inserted extraneous provisions into forms purporting to grant Defendant authority to obtain and use consumer report information for employment purposes.   The FCRA forbids this practice, since it mandates that all disclosures granting the authority to access and use consumer report information for employment purposes by "stand alone disclosures" that do not include any extraneous information or additional agreements.

31.     Plaintiffs were confused about the nature and scope of Defendant's investigation into their background due to the presence of the additional language contained in Defendant's form.

32.     Plaintiffs were confused about their rights due to the presence of the additional

language contained in Defendant's form.

33.     Plaintiffs were distracted by the presence of the additional state law information on the disclosure, which pulled their attention away from the actual disclosure.

34.     Plaintiff Hodge values his privacy rights.  If Plaintiff Hodge was aware Defendant presented him with an unlawful FCRA disclosure, Plaintiff Hodge would not have authorized Defendant to procure his consumer report and dig deep into his personal, private, and sensitive information.

35.     Plaintiff Kortright values his privacy rights.  If Plaintiff Kortright was aware Defendant provided him with an unlawful disclosure and did not satisify the conditions for using his personal, sensitive information, he would not have authorized Defendant to procure his consumer report.

36.     Plaintiff Smith values his privacy rights.  If Plaintiff Smith was aware Defendant presented him with an unlawful FCRA disclosure, Plaintiff Smith would not have authorized Defendant to procure his consumer report and dig deep into his personal, private, and sensitive information.

**PLAINTIFFS' CONCRETE HARM**

37.     Defendant violated Plaintiffs' right to privacy by obtaining their personal, private and sensitive information without a permissible purpose because Defendant did not provide them a lawful disclosure before obtaining their consumer reports.

38.     The FCRA's protections regarding who may obtain consumer reports and under what circumstances they may do so, are real and substantive, not merely procedural.  The violation alleged here is not just a technical requirement – without providing Plaintiffs a lawful disclosure, Defendant had no statutory basis to obtain their consumer reports.

39.     Protection of consumer privacy is one well-recognized aspect of the FCRA, and the statutory provisions violated here is a cornerstone of the Act, enabling consumers to understand and have meaningful control over the dissemination of their personal, private and sensitive information.

40.     Defendant's failure to provide Plaintiffs with a lawful disclosure prior to obtaining their consumer report injured Plaintiffs in that 1) their privacy was unlawfully invaded by Defendant unlawfully accessing their personal, private and sensitive information without a statutory basis; and 2) Plaintiffs were deprived of information – a clear and conspicuous, stand-alone disclosure of Defendant's intent to procure their consumer reports, Congress requires employers to provide consumers as a condition for obtaining a consumer report, as set forth 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

41.     Plaintiffs' injuries were a direct result of Defendant's conduct.  Plaintiffs' privacy was invaded because Defendant accessed their personal, private and sensitive information after providing them an illegal disclosure of its intent to do so.

42.     Defendant's conduct is precisely the type that Congress sought to prevent – protection of consumer privacy – with the requirement that employers provide a clear and conspicuous disclosure in a stand-alone document, before procuring a consumer report for employment purposes.

43.     Plaintiffs have suffered a concrete, in-fact injury that is directly traceable to Defendant's conduct and that is likely redressable by a favorable decision here.

## DEFENDANT ACTED WILLFULLY

44.     Defendant knew or should have known about its legal obligations under the FCRA.  These obligations are well established in the statute's plain language, judicial decisions

8

interpreting the Act, and in the Federal Trade Commission's and Consumer Financial Protection Bureau's promulgations.

45.     Defendant obtained, or had available, substantial written materials, which apprised it of its duties under the FCRA.

46.     These requirements have been part of the fabric of the FCRA since Congress enacted it.  Defendant has had decades by which to become compliant with this requirement, yet it has not done so.

47.     Despite knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving the Plaintiffs and putative class members of their rights under the FCRA.

48.     As a result of these FCRA violations, Defendant is liable to Plaintiffs and to each putative class member for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), for the violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

## CLASS ACTION ALLEGATIONS

49.     In Counts I and II, Plaintiffs Smith, Hodge and Kortright assert a FCRA claim under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **ALL KFORCE INC. employees and job applicants in the United States who were subject of a consumer report for employment purposes to whom KFORCE INC. failed to provide a lawful disclosure before procuring the report as required by 15 U.S.C. § 1681b(b)(2)(A) within five years of the filing of this complaint through the date of the final judgment in this action.**

50.     Numerosity:  The members of the putative classes are so numerous that

9

joinder of all Class members is impracticable.  Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process.  Plaintiffs are informed and believe that during the relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the putative classes.  Based on the number of putative class members, joinder is impracticable.  The names and addresses of the Class members are identifiable through Defendant's records and published Class members may be notified of this action by mailed notice.

51.   Typicality:   Plaintiffs' claims are typical of those of the members of the putative classes.  Defendant typically uses consumer reports to conduct background checks on employees and prospective employees.  The FCRA violations suffered by Plaintiffs are typical of those suffered by other putative class members, and Defendant treated Plaintiffs consistent with other putative class members in accordance with its standard policies and practices.

52.   Adequacy:   Plaintiffs will fairly and adequately protect the interests of the putative classes, and have retained counsel experienced in complex class action litigation.

53.   Commonality: Common questions of law and fact exist as to all members of the putative classes, and predominate over any questions solely affecting individual members of the putative classes.  These common questions include, but are not limited to:

      a.   whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

      b.   whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by

the statute;

   c.  whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

   d.  whether Defendant's violation of the FCRA was willful;

   e.  the proper measure of statutory damages; and

   f.  the proper form of injunctive and declaratory relief.

54.    This case is maintainable as a class action because prosecution of actions by or against individual members of the putative classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendant. Further, adjudication of each individual class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

55.    This case is also maintainable as a class action because Defendant acted or refused to act on grounds that apply generally to the putative classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

56.    Class certification is also appropriate because questions of law and fact common to the putative classes predominate over any questions affecting only individual members of the putative classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative classes do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's

11

individual claim for damages is small in comparison to the expense and burden of individual prosecution.  Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.   Moreover, management of this action as a class action will not present any foreseeable difficulties.  In the interests of justice and judicial efficiency, it would be desirable to  concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

57.     Plaintiffs intend to send notice to all members of the putative classes to the extent required by the Federal Rules of Civil Procedure.   The names and addresses of the putative class members are readily available from Defendants' records.

**COUNT I**
**Failure to Make Proper Disclosure in**
**Violation of FCRA 1 5  U.S.C. § 1681b(b)(2)(A)(i)**

58.     Plaintiffs Smith, Hodge and Kortright allege and incorporate by reference the allegations in the preceding paragraphs 1-6, 9, 13-21, 25-36.

59.     In violation of the FCRA, the FCRA disclosure Defendant required the Background Check Class to complete as a condition of their employment with Defendant, does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant failed to provide a stand-alone document as to the consumer report information being obtained and utilized.

*Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(i): Informational Injury*

60.     Plaintiffs suffered a concrete informational injury because Defendant failed to provide Plaintiffs with information to which they were entitled to by statute, namely a stand-alone FCRA disclosure before procuring their consumer reports.  Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury

– not receiving a stand-alone disclosure.

61.     Pursuant to § 1681b(b)(2), Plaintiffs were entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure.  Such a disclosure was required to be provided to Plaintiffs *before* the consumer report was to be procured.  By depriving Plaintiffs of this information, in the form and at the time they were entitled to receive it, Defendant injured Plaintiffs and the putative class members they seek to represent.

62.     Defendant violated the FCRA by procuring consumer reports on Plaintiffs and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).  Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiffs and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment.  The required disclosures were not made, causing Plaintiffs an informational injury.

63.     Defendant's failure to provide Plaintiffs and the putative class with a lawful disclosure created a risk of harm that Plaintiffs and members of the putative class would be confused and distracted by the extraneous language present in Defendant's unlawful FCRA disclosure.

***Plaintiffs' Second Concrete Injury under § 1681b(b)(2)(A)(i): Invasion of Privacy***

64.     Defendant invaded Plaintiffs' rights to privacy.  Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

65.     The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.  Defendant invaded Plaintiffs' privacy and intruded upon Plaintiffs' seclusion by procuring a consumer report on them and viewing their private and personal information without lawful authorization.

66.     The foregoing violations were willful.  At the time Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) Defendant knew it was required to provide a stand-alone disclosure (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiffs and the putative class.  A plethora of authority, including both case law and FTC opinions, existed at the time of Defendant's violations on this very issue that held waivers cannot be included in the FCRA forms at issue.  Defendant's willful conduct is also reflected by, among other things, the following facts:

    a.  Defendant knew of potential FCRA liability;

    b.  Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    c.  Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    d.  Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

67.     Plaintiffs and the Background Check Class are entitled to statutory damages of

not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

68.     Plaintiffs and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class, prays for relief as follows:

    a.   determining that this action may proceed as a class action;

    b.   designating Plaintiffs as class representatives and designating Plaintiffs' Counsel as counsel for the putative class;

    c.   issuing proper notice to the putative class at Defendant's expense;

    d.   finding that Defendant committed multiple, separate violations of the FCRA;

    e.   finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

    f.   awarding statutory damages as provided by the FCRA to members of the putative class; and

    g.   awarding reasonable attorneys' fees and costs as provided by the FCRA.

**COUNT II**
**Failure to Obtain Proper Authorization in**
**Violation of FCRA  15  U.S.C. § 1681b(b)(2)(A)(ii)**

69.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs 1-6, 9, 13-21, 25-36.

70.     Defendant violated the FCRA by procuring consumer reports relating to Plaintiffs

15

and other Background Check Class members without proper authorization.  The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure.

### *Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(ii): Informational Injury*

71.     Plaintiffs suffered a concrete informational injury because Defendant failed to provide Plaintiffs with information to which they were entitled to by statute, namely a stand-alone FCRA disclosure.  Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure.

72.     Pursuant to §1681b(b)(2), Plaintiffs were entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure.  Such a disclosure was required to be provided to Plaintiffs before the consumer report was to be procured.  By depriving Plaintiffs of this information, in the form it should have been provided, Defendant injured Plaintiffs and the putative class members they seek to represent.

73.     Defendant violated the FCRA by procuring consumer reports on Plaintiffs and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i).  Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiffs and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment.

74.     Plaintiffs suffered an informational injury.  Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes

with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) as set forth in 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

75.    Defendant's failure to provide Plaintiffs and the putative class with a lawful disclosure created a risk of harm that Plaintiffs and members of the putative class would be confused and distracted by the extraneous language.

### Plaintiffs' Second Concrete Injury under § 1681b(b)(2)(A)(ii): Invasion of Privacy

76.    Additionally, Defendant invaded Plaintiffs' rights to privacy and intruded upon their seclusion. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii). Plaintiffs' consumer reports contained a wealth of private information which Defendant had no right to access absent a specific Congressional license to do so. Defendant invaded Plaintiffs' privacy and intruded upon Plaintiffs' seclusion by procuring a consumer report on them and viewing their personal, private, and sensitive information without lawful authorization.

77.    The foregoing violations were willful. At this time Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew that in order for it to have authorization to obtain consumer reports on Plaintiffs and the putative class members it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiffs and the putative class. When Plaintiffs executed Defendant's illegal FCRA Disclosure, a plethora of authority, including both case law, and FTC opinions, existed at the time of Defendant's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Defendant's willful conduct is also reflected by, among

other things, the following facts:

    a.   Defendant knew of its potential FCRA liability;

    b.   Defendant is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    c.   Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    d.   Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

78.    Plaintiffs and the putative Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100.00) and not more than one thousand dollars ($1,000.00) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

79.    Plaintiffs and the putative Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class, prays for relief as follows:

    a.   determining that this action may proceed as a class action;

    b.   designating Plaintiffs as class representatives and designating Plaintiffs' Counsel as counsel for the putative class;

    c.   issuing proper notice to the putative class at Defendant's expense;

d.  finding that Defendant committed multiple, separate violations of the FCRA;

e.  finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

f.  awarding statutory damages as provided by the FCRA to members of the putative class; and

g.  awarding reasonable attorneys' fees and costs as provided by the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiffs and the putative classes demand a trial by jury.

Dated this 10th day of October, 2019.

/s/ *Marc R. Edelman*
Marc R. Edelman, Esq.
Florida Bar No.: 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
MEdelman@forthepeople.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via electronic transmission and/or via U.S. Mail on this 10th day of October, 2019, to the following:

Jennifer Monrose Moore, Esq.
Ogleree, Deakins, Nash, Smoak & Stewart, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
jennifer.moore@ogletree.com
*Attorney for Defendant*

/s/ *Marc R. Edelman*
Marc R. Edelman, Esq.