UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

MAURCUS SMITH, ALVIN HODGE
and DAVID KORTRIGHT, on behalf
of themselves and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                                                  Case No. : 8:19-cv-02068-CEH-CPT

KFORCE INC., a Florida profit corporation,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the parties' Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class [Dkt. 28] and Amended Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class [Dkt. 34]. Having considered the settlement, all papers and proceedings held herein, and having reviewed the record in this action, the Court finds:

On February 14, 2020, the parties notified the Court a settlement had been reached, pending completion of a comprehensive settlement agreement. [Dkt. 25].

On April 23, 2020, the parties filed a Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class. [Dkt. 28]. A hearing on this motion was held on June 18, 2020. [Dkt. 32]. On October 22, 2020, the parties filed an Amended

Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class. [Dkt. 34].

In accordance with the parties' Joint Stipulation of Class Settlement, the Court certifies, for settlement purposes, a class defined as:

> All natural persons residing within the United States and its Territories not subject to an arbitration agreement or class waiver, with respect to whom, within the two years preceding the filing of this Action and extending through the resolution of this Action, KFORCE procured or caused to be procured a consumer report for employment purposes based on the disclosure form used for Plaintiffs;
> [Dkt. 28, P.2]

The issues before the Court are (a) whether to approve the Agreement on a preliminary basis, and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to members of approximately a 18,000 member Class.

Federal Rule of Civil Procedure 23(e) provides the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable…" *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977);[1] *see also* Fed. R. Civ. P. 23(e)(2).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson,* 667 F.3d 1201, 1209 (5th Cir. 1982); *Cotton,* 559 F.2d at 1331. Settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977). The public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985); *Manchaca v. Chater*, 927 F. Supp. 962, 966 (E.D. Tex. 1996). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

The Eleventh Circuit Court of Appeals uses a six-factor test for assessing the fairness, reasonableness, and adequacy of a class settlement. The factors are: (a) whether the settlement was a product of fraud or collusion; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (e) the possible range of recovery and the certainty of damages; and (f) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), *citing* 1982–2 Trade Cas. at 72, 106, *citing, inter alia, Container II,* 643 F.2d at 207–08; *Cotton v. Hinton,* 559 F.2d at 1330–31; *Miller v. Republic National Life Insurance Co.,* 559 F.2d 426, 428–29 (5th

3

Cir.1977). Based on review of the record, the manner of negotiation, and settlement agreement, the Court finds no evidence indicating that the settlement falls outside the requirements of the Eleventh Circuit's test articulated above, and finds the settlement to be fair, adequate, and reasonable.

The Court finds no evidence of any fraud or collusion with respect to the settlement. Specifically, the settlement was obtained after two separate mediations with an experienced and well-respected mediator, Mr. Mark Hanley, Esq.

The Court finds the settlement avoids prolonged litigation and provides the Settlement Class with an opportunity for an award in the present rather than an uncertain outcome in the future.

The Court finds each side possessed "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. As such, the parties' negotiations, and in turn the settlement, were based on realistic, independent assessments of the merits of the claims and defenses in this case.

Under the terms of the settlement agreement, each Class Member who timely submits a claim is anticipated to receive an award of SIXTY-EIGHT DOLLARS AND FIFTY CENTS ($68.50) from a common fund of SEVEN HUNDRED NINETY THOUSAND DOLLARS ($790,000.00). "A proposed settlement need not obtain the largest conceivable recovery for the class to be worthy of approval; it must simply be fair and adequate considering all the relevant circumstances." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 649 (N.D. Tex. 2010). The Court finds the amount of the award to be an excellent result for the class and well within the "reasonable" range when compared to

4

other recent FCRA class action settlements. *See, e.g.*, *Marcum v. Dolgencorp, Inc.*; No. 3:12-cv-00108 (E.D. Va. 2014) ($53 gross payment per class member reduced by attorneys' fees and service awards paid from class settlement fund); *Knights v. Publix Super Markets, Inc.*; No. 3:14-cv-006720 (M.D. Tenn. 2014) ($48.55 paid to each class member); *Pitt v. Kmart Corp.*, No. 3:11-cv-00697 (E.D. Va. 2013) ($18 or $38 received by class members depending on date of FCRA violation).

The Court also finds the settlement to be fair and adequate in the context of the litigation, bringing finality, certainty and relief to the Settlement Class. Given the recent decision from the Eleventh Circuit Court of Appeals, *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), no service award will be approved for the class representatives.

Finally, the Court preliminarily finds that the attorneys' fees and costs in the amount of one third (33.33%) of the common fund, for which Class Counsel will seek approval, is within the reasonable range.

Based on the parties' good faith basis for the settlement, set forth in the Amended Joint Motion for Preliminary Approval, the Court finds that the Settlement Agreement should be approved preliminarily.

Similarly, the Court finds that the Notice of Proposed Class Action Settlement meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a

reasonable timeframe within which to exercise those rights. Thus, the Court approves the proposed notice plan and the language of the Notice proposed by the parties.

Finally, the Court sets this case for hearing for final approval of the settlement on April 16, 2021 at 11:00 AM, at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 13A. The parties are directed to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan.

| | |
|---|---|
| Settlement Administrator mails Notice and sets up Settlement Website ("Notice Date") | January 11, 2021 |
| Deadline for Motion for Attorney's Fees and Costs, Class Settlement Administration Costs | February 12, 2021 |
| Deadline for Objections | March 11, 2021 |
| Deadline for Opt Outs (Exclusion Requests) | March 11, 2021 |
| Deadline for Motion for Final Approval | March 26, 2021 |
| Fairness Hearing | April 16, 2021 at 11:00 a.m. |
| Deadline for Filing Claim | March 11, 2021 |

**DONE AND ORDERED** at Tampa, Florida on December 9, 2020.

Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**
Counsel of Record

6