# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISON

MARCUS SMITH, ALVIN HODGE
and DAVID KORTRIGHT, on behalf
of themselves and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                             Case No. : 8:19-cv-02068-CEH-CPT

KFORCE INC., a Florida profit corporation,

    Defendant.
_____/

## FINAL APPROVAL ORDER

This matter is before the Court on the Parties' Renewed Joint Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law (Dkt. 42) and Plaintiffs' Renewed Unopposed Motion for Attorneys' Fees and Costs and Additional Compensation to Plaintiffs.[1] (Dkt. 43)  Due and adequate notice having been given to Settlement Class Members as required by the Court's December 12, 2020 Order granting preliminary approval to the class action settlement and conditionally certifying the class for settlement purposes (Dkt. 35) and the Court having considered all papers filed and proceedings in this action, and having received no objections to the settlement, grants the Renewed Joint Motion for Final Approval of Class Action

---

[1] Plaintiff Marcus Smith was dismissed from this action on April 23, 2020.  *See* Docs. 26, 27.

Settlement and Plaintiffs' Renewed Unopposed Motion for Attorneys' Fees and Costs and Additional Compensation to Plaintiffs. The Court finds:

1. This Court has jurisdiction over the claims of the members of the Settlement Class asserted in this proceeding, personal jurisdiction over the Plaintiffs and Defendant, and the members of the Settlement Class, as defined in the Settlement Agreement.

2. Notice given to the class fully and accurately informed the Settlement Class of all material elements of the proposed settlement and of their opportunity to exclude themselves from, object to, or comment on the settlement, and to appear at the final approval hearing. The notice was reasonable and the best notice practicable under the circumstances. Accordingly, this Court finds that the notice program described in the Settlement Agreement and completed by JND Legal Administration complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

3. The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other released party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant or any of the Released Parties.

5. All Settlement Class Members are bound by this Final Approval Order and by the terms of the parties' Settlement Agreement, including releases provided for in the Settlement. As of the effective date of Settlement, by operation of the entry of this Final Approval Order, each Settlement Class Member, including Plaintiffs, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Released Parties.

6. Members of the Settlement Class were provided sufficient notice. Those who did not timely and properly opt out of the settlement are bound by this Order. Those who timely and properly opted out are not bound by this Order.

7. The Court has considered all relevant factors for approving a class action settlement, namely whether the settlement is "fair, adequate and reasonable and not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The Court has considered "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennett*, 737 F.2d at 986. The Court has concluded that all such factors weigh in favor of granting final approval.

8. The Settlement was not a product of fraud or collusion. The Settlement was a product of the parties' arms-length, adversarial negotiations and accomplished

after two formal mediation sessions conducted by a neutral third party. The Court finds that the terms of the settlement are in all respects fair, adequate, and reasonable.

9. Trying this case would be lengthy, expensive and could result in appeals. The parties were well positioned to assess the strengths and weaknesses of this case and the benefits of the proposed Settlement Agreement. Thus, considerations of the complexity, expense, and duration of the litigation, when viewed in context with the stage at which settlement was achieved, supports approval of the Settlement Agreement.

10. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of Plaintiffs' counsel. The Court has also considered the absence of any objection to the settlement.

11. The Court finds the payments to Settlement Class Members of Sixty-Eight Dollars and Fifty Cents ($68.50) to be fair and reasonable in light of all the circumstances. The parties agreed to a claims made settlement structure, requiring class members to submit claims forms to receive their award. The Court finds each Settlement Class Member that submitted a valid claim postmarked prior to the claims' deadline will receive a significant monetary benefit in line with or above awards in similar cases. This is a very good outcome for the Settlement Class Members. The

Court, therefore, orders the payments to be made and administered in accordance with the terms of the Settlement Agreement and this Order.

10. The Court finds that the services provided by the Settlement Administrator were for the benefit of the Settlement Class, and the actual cost of no more than $63,817.65 to be fair, reasonable, and appropriate for reimbursement. The Court approves payment of actual costs up to $63,817.65, for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

11. The Court confirms Marc R. Edelman, Esq., of the law firm Morgan & Morgan, P.A. as Class Counsel in this action. The Court finds that Class Counsel has demonstrated sufficient experience, knowledge, and skill to promote and safeguard the interests of the Class.

12. The Court finds Class Counsel's attorneys' fees were negotiated after the Parties had agreed upon class relief. To evaluate the reasonableness of attorneys' fees in common fund settlements, courts in the Eleventh Circuit utilize the *Johnson* factors, including: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and

(12) awards in similar cases.*, Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d at 772 n. 3 (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Applying the *Johnson* factors, the Court finds Class Counsel's requested fee of $263,070.00, equivalent to 33.33% of the common fund, to be reasonable. The Court also finds Plaintiffs' costs in the amount of $2,622.50 to be reasonable and approves reimbursement of such costs. Class Counsel is awarded a fee consisting of 33.33% of the common fund, equivalent to $263,070.00, and litigation costs totaling $2,622.50.

13.     Plaintiffs Alvin Hodge and David Kortright are suitable representatives for the Settlement Class. Their appointment as the Class Representatives is confirmed. Plaintiffs' commitment to the litigation and its outcome ensured adequate advocacy for the Settlement Class, and their interests are aligned with those of the Settlement Class.

14.     The Court approves the additional $2,000.00 compensation Defendants will pay to Plaintiffs Alvin Hodge and David Kortright in exchange for general releases and agreements not to seek re-employment with Defendant. Plaintiffs Alvin Hodge and David Kortright are awarded a general release payment of $2000.00 each, in addition to the net payment they will receive as class members.

15.     The Parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Court directs that, no later than seven (7) days after the entry of this Order, the Settlement Administrator will pay the Class Representatives' additional compensation and Class Counsel's Award of Fees

6

& Costs. Within seven (7) days of the entry of this Order, the Settlement Administrator shall calculate the actual cost of no more than $63,817.65 for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement.

16. No later than seven (7) days after entry of this Order, the Settlement Administrator shall mail checks to Class Members who timely submitted claims. The checks shall be negotiable for 90 days and mailed in accordance with the Settlement Agreement.

17. This Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class.

18. The Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

19. The Court retains jurisdiction over this case for one year for the purpose of enforcing the Settlement Agreement.

20. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on this 28th day of June, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**
Counsel of Record